(85 App. Div. 239.)

### POST v. MERRITT et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

**1. WRONGFULLY FLOODING LAND—MEASURE OF DAMAGE.**

In an action for unlawfully flooding land, the measure of plaintiff's damage is the difference between the value of the land before the flooding and its value thereafter, unless the reasonable cost of repairing the injuries is less than the diminution in the market value, in which case the cost of repairing is the measure of damage.

**2. SAME—RIGHT OF ACTION—TORT.**

Plaintiff sold defendant a portion of a tract of land for the purpose of being flooded, defendant agreeing to fill the part of the tract retained by plaintiff, so that he would not be injured by the water, but wrongfully failed to do so, and plaintiff sued for the damages caused by the flooding of his land, without specifically designating whether he sued upon a breach of the contract to fill the balance of the tract or for the wrongful flooding thereof. *Held*, that plaintiff's rights were not dependent on the agreement to fill the land, but that he had merely granted the right to flood the portion of the land sold on condition that the remainder of the land should be filled, so that his right of action was for the wrongful flooding of the land, and not for breach of the contract to fill.

Appeal from Trial Term.

Action by Stephen W. Post against Edwin A. Merritt, Jr., and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The defendants were about to raise their dam across the Raquette river at Hannawa Falls, whereby they would flood a large amount of land above it. The plaintiff owned something more than an acre of land on the east side of the river, and sold and conveyed to the defendants a strip from the same, lying next to the river, for the sum of $200. The width of such strip does not appear. As a further consideration for such conveyance, the defendants agreed with the plaintiff to fill the balance of his lot so that he would not be "bothered" with the water caused to cover the land by raising the dam, and that the lot should be filled before the water was flowed back. It would appear that the land sloped back from the front of the lot towards the river. There was a house and barn on the lot, and the plaintiff resided there. The defendants proceeded to fill upon the plaintiff's lot, but the plaintiff objected to the character of the filling which was being placed thereon, and, a difference then arising between them, the defendants ceased filling. Subsequently, however, they completed the dam and backed the water upon the plaintiff's lot. It flooded his cellar, undermined the foundation of his barn, and covered a considerable part of his lot with water. The plaintiff brought this action, and in his complaint has set forth the making of such contract and the breach thereof, and the fact of the flooding and injuries resulting therefrom. From the facts therein set forth, two causes of action may possibly be claimed—one for a breach of the contract, and one for a trespass upon the plaintiff's lands. The facts are mingled together, and neither one is particularly designated or numbered. The jury rendered a verdict for the plaintiff, and from the judgment entered thereon, and from an order denying a new trial, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

C. S. Ferris, for appellants.
Swift, Fuller & Cubley (Theo. H. Swift, of counsel), for respondent.

PARKER, P. J. So far as concerns the question whether the defendants had just reason for ceasing to fill the lot according to their contract, and were justified in backing up the water upon the plaintiff's lot in the manner in which they did, the verdict of the jury is in the plaintiff's favor. Upon the evidence in this case I conclude that their decision should not be disturbed.

But the serious question is, was the measure of damages upon which the plaintiff was allowed to recover the proper one to be adopted in this action? He was allowed to prove the difference in value between his lot as it then was and as it would have been had the defendants filled it in the manner required by their contract; and the jury were substantially instructed by the court that such was the amount to which, if any, he was entitled. If the action is to be considered one for a trespass on the plaintiff's lot by unlawfully flooding it with water, such would be the proper measure of his damages, unless the reasonable cost of repairing the injuries caused thereby was less than the diminution in the market value of the land. If it was less, then such cost of repairing would furnish the proper measure. Hartshorn v. Chaddock, 135 N. Y. 116, 31 N. E. 997, 17 L. R. A. 426. And in this connection it appears that the trial judge permitted the defendants to show, if they desired, that the lot could have been filled at a less cost than the difference in its value appeared to be. He evidently adopted the theory that, under the peculiar features of this case, if filled as required by the contract, the injuries to the lot would be fully repaired, and in that respect I think he was correct. The defendants did not avail themselves of this offer; but, having been given the option of doing so, the proper measure of damages, assuming that the cause of action was for a trespass, was adopted by the court.

It is urged, however, by the defendants, that the action is for a breach of contract to fill up the lot; that the measure of damages for the breach of an agreement to perform certain specified work is the amount which it would reasonably cost to complete the work; and that such is the rule that should have been applied to this case. But it seems to me that the facts upon which the cause of action in this case is based is not upon the breach of any provision on the defendants' part, but rather upon their unlawful act in flooding the plaintiff's lot. The so-called "contract" amounts to no more than a permission on the plaintiff's part that the defendants may flood his lot, provided they will so fill it up that whatever water they set back upon it shall not work any injury to him. The defendants do not promise to fill at all events. They are to fill only so far as is necessary to protect against the flooding; and manifestly they acquire no right to flood until the filling has been done. Their flooding before they had protected against it by filling was as much a trespass as if the agreement had never been made. The plaintiff had given them no right to flood him until his lot was so protected, and so he need not and did not rely upon any promise on their part for his

protection. Had they fully protected the lot as they agreed to, the defendants might invoke the agreement as a justification for setting the water back upon it; but the plaintiff had no rights depending upon the agreement. He had nothing secured thereby. He stood upon his common-law right that the defendants should refrain from flooding him until they had acquired the right to do so; and when, in violation of that duty, the defendants did without right set the water back upon his lot, his right of action was based upon the trespass, and upon that only. Attorneys frequently, under the present system of pleading, put more into a complaint than either they or the courts know what to do with, and much confusion frequently arises on that account. In this instance the logic of the situation seems to require us to hold that the real basis of the plaintiff's claim is the unlawful flooding of his lot by the defendants, and that the just and proper measure of his damages was such as is applicable to such an action. No error, therefore, was committed by the trial court in regard to the measure of damages.

No specific objection was taken that the opinion of a witness cannot be given upon a speculative state of facts; and no exception was taken to the charge of the court when the rule of damages was submitted to the jury.

I conclude that the judgment should be affirmed, with costs. All concur.